# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:07-CR-0030-JOF |
| | : | |
| | : | CIVIL ACTION NO. |
| LAREDO MICHAEL SIMPSON, | : | 1:08-cv-3152-JOF |
| | : | |
| Defendant. | : | |

## OPINION AND ORDER

The instant matter is before the court on Petitioner Laredo Michael Simpson's Pro Se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [44].

Petitioner allegedly prepared more than twenty U.S. Individual Income Tax Returns, Form 1040s, claiming refunds based on false or fictitious W-2 forms knowing such claims to be false, fictitious, and fraudulent. Plaintiff prepared one such return for taxpayer Tshushima Marshall. In November 2007 Petitioner plead guilty to making and presenting four such returns, not including Marshall's, in violation of 18 U.S.C. § 287, and the court sentenced Petitioner to forty-one months' imprisonment, three years of supervised release, and $19,659.00 in restitution.

During sentencing, Petitioner received a two-level enhancement for obstructing justice under U.S.S.G. § 3C1.1. The enhancement was based in part on Marshall's

allegations during an IRS interview that Petitioner called her on the telephone and instructed her to deny knowing him to the IRS and instead claim that someone else prepared her tax return. Petitioner vehemently denied this allegation, but an IRS agent testified to the district court that he overheard Marshall recounting the situation before testifying before the grand jury. The district court credited the agent's statements over Petitioner's denial.

Petitioner appealed his sentence on three grounds: The district court (1) clearly erred in imposing a two-level enhancement for the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification because the relevant taxpayers gave him their information; (2) clearly erred in enhancing for obstruction of justice because he did not instruct a witness to lie; and (3) clearly erred by denying a reduction for acceptance of responsibility since he pled guilty. In July 2008 the Eleventh Circuit affirmed the district court on all three grounds.

Petitioner filed the instant motion on October 2, 2008. Petitioner seems to contend that his counsel was ineffective in handling Tshushima Marshall's allegation that Petitioner told her to lie to the IRS. Petitioner contends that Marshall lied to the IRS when she told them that she was working at Dudley's Bar/Restaurant in 2002 and receiving a W-2 tax form from Dudley's. Petitioner maintains that his counsel should have discovered this lie, should have cross-examined Marshall about it, and should have prevented the court from relying upon Marshall's allegations.

2

To succeed in a claim of ineffective assistance of counsel, a party must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1983). Petitioner has not shown that his counsel's actions were unreasonable or that Marshall's allegations ultimately affected his proceedings.

Here, Petitioner has not alleged any instance where Marshall "testified" and should have been subject to cross-examination and his counsel unreasonably failed to do so. Further, Petitioner did not plead guilty to and was not sentenced on Count 18 of the indictment which involved Marshall's tax return, and the Government dismissed that count of the indictment when Petitioner plead guilty to four other counts. The only role Marshall played in Petitioner's ultimate conviction and sentence was in the court's two-level sentencing enhancement under U.S.S.G. § 3C1.1 for willfully obstructing the investigation, prosecution, or sentencing of his offense of conviction. Even the enhancement was only based in part on Marshall's allegations, and even without Marshall's allegations Petitioner would likely still have received a section 3C1.1 enhancement. A defendant may be eligible for a section 3C1.1 enhancement for "providing materially false information to a probation officer in respect to a pre-sentence or other investigation for the court." U.S.S.G. § 3C1.1, comment (n. 4(a), (h)). Petitioner failed to inform a probation officer of his ownership of

3

certain residences. In assessing Petitioner's appeal the Eleventh Circuit found Petitioner's ownership of these assets was material to the pre-sentence investigation because it would have tended to influence the district court to set a higher bond, and found that the district court did not err in imposing an obstruction of justice enhancement on the basis of Petitioner's lie. *United States v. Simpson*, No. 07-15699, 10 (11th Cir. June 25, 2008).

Petitioner's Pro Se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [44] is DENIED.

**IT IS SO ORDERED** this 19th day of February 2009.

                                                  s/ J. Owen Forrester
                                                  J. OWEN FORRESTER
                              SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)