# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:07-CR-0030-JOF |
| LAREDO MICHAEL SIMPSON, | : | |
| Defendant. | : | |

## OPINION AND ORDER

The instant matter is before the court on Petitioner Laredo Michael Simpson's Motion for Certificate of Appealability [48], Motion for Leave to Appeal In Forma Pauperis [50], Motion for Reconsideration [53], and Motion to Re-set Evidentiary Hearing [58].

In November 2007 Petitioner plead guilty to making and presenting four U.S. Individual Income Tax Returns, Form 1040s, based on false or fictitious W-2 forms, in violation of 18 U.S.C. § 287, and the court sentenced Petitioner to forty-one months' imprisonment, three years' supervised release, and $19,659.00 in restitution. Petitioner appealed, and the Eleventh Circuit affirmed in July 2008. Petitioner filed a Pro se Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 in October 2008. Plaintiff argued that one of his alleged victims lied to the IRS and that his counsel was ineffective for failing to discover that lie and cross-examine the victim regarding it. The court denied

Plaintiff's motion and found that (1) Petitioner had alleged no instance in which the particular victim testified and his counsel failed to cross-examine her; (2) the Government dismissed the count relating to that particular victim; (3) the only role the victim's allegations played in Petitioner's case was to support a sentencing enhancement for willful obstruction; and (4) Petitioner would likely have received the enhancement even without the victim's testimony.

On March 2, 2009, Petitioner filed a document entitled, "Certificate of Appealability, and Motion for Reconsideration; and Motion to Alter and Amend Judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b)(4); Notice of Appeal" which this court docketed as a Notice of Appeal [47] and the instant Motions for Certificate of Appealability [48], Leave to Appeal In Forma Pauperis [50], and for Reconsideration [53]. Petitioner contended that the court "clearly erred when it denied the motion [his motion for habeas relief] on Preliminary Review" and violated Rule 4 of Rules Regarding 2255 Proceedings. Petitioner argued that the court had improperly denied his motion "ex parte" and that the court should have ordered a hearing and required the government to respond. Petitioner also maintained that this court had violated Canon 3A(4) of the Code of Conduct for United States Judges in considering the petition "ex parte," and the court should have construed his motion liberally and given him credit for arguing that his counsel was ineffective because he *should have* called Ms.

Marshall as a witness.[1]  Petitioner further insisted that the "appeal prosecutor" lied in its "appeals brief" by stating that Petitioner opened bank accounts in Dorsey's and Willis's names, and newly-discovered evidence shows that he actually opened the accounts in his own name.  Petitioner argued that this misrepresentation lead to an improper sentence enhancement.

Petitioner seems to assert three possible arguments on appeal : (1) The court violated Rule 4 regarding habeas proceedings; (2) the court violated Canon 3 of the Code of Judicial Ethics; and (3) newly-discovered evidence indicates that the Petitioner did not use others' social security numbers to obtain bank accounts, and the court should not have enhanced his sentence under U.S.S.G. § 2B1.1(b)(10)(C)(i).  Rule 4 of the Federal Rules Governing Section 2255 Proceedings states:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file

---

[1] Petitioner's argument is without merit.  Even if the court had construed Petitioner's complaint to be that his counsel *should* have called Ms. Marshall rather than he called her but failed to cross examine her that would not have impacted the court's holding.  The court relied not only upon the fact that Petitioner had alleged no instance where Ms. Marshall testified and counsel refused to cross examine her but also upon the fact that the Government dismissed the count relating to that particular victim; the only role the Marshall's allegations played in Petitioner's case was to support a sentencing enhancement for willful obstruction; and Petitioner would likely have received the enhancement even without the Marshall's testimony.

3

an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Here, the court examined Petitioner's motion for habeas relief and determined based upon the motion itself, the indictment, the sentence, and the course of proceedings relating to Petitioner that Petitioner was not entitled to relief. The court was not obligated under Rule 4 to notify the United States Attorney or hold a hearing.

Canon 3A(4) of the Code of Judicial Ethics states:

A judge should accord to every person who is legally interested in a proceeding, or the person's lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider *ex parte* communications on the merits, or procedures affecting the merits, or a pending or impending proceeding.

Canon 3 is concerned with *ex parte* communications which are defined as "communication[s] between counsel and the court when opposing counsel is not present." *Black's Law Dictionary* 296 (8th ed. 2004). "Ex parte communications generally are disfavored because they conflict with a fundamental precept of our system of justice: a fair hearing requires a reasonable opportunity to know the claims of the opposing party and to meet them." *In re Paradyne Corp.*, 803 F.2d 604, 612 (11th Cir. 1986). Here, Petitioner appears to be arguing that the court engaged in an *ex parte* communication when it issued its denial of Petitioner's habeas motion without consulting the United States Attorney. A court does not violate the prohibition against *ex parte* communications by properly

4

following the procedure for habeas petitions described in Rule 4 of the Rules Governing Section 2255 Proceedings.

Petitioner argued on appeal that the district court clearly erred in imposing a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(10)(C)(i) for the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification. The Court of Appeals upheld this enhancement and found that Petitioner used Dorsey's and Willis's names and social security numbers to obtain bank accounts. Petitioner now contends the court should review the two-level enhancement under U.S.S.G. § 2B1.1(b)(10)(C)(i) based upon new evidence. Petitioner attaches a page from the 2002 1040A forms of Willis and Dorsey, bank records for January and February 2003 for MLY Food Group LLC, and an excerpt from the Eleventh Circuit's opinion. Petitioner contends that this evidence shows that he did not use Dorsey's and Willis's social security numbers to obtain bank accounts. The court cannot reach the same conclusion from the evidence presented.

In order to appeal, Petitioner must obtain a certificate of appealability ("COA") from this court. In order to obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Barefoot v. Estelle*, 463 U.S. 880, 892 (1983). In order to succeed on his motion, Petitioner must demonstrate that the issues he desires to appeal "are debatable among jurists of reason; that a court could resolve the

issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S. at 893, n.4 (citations omitted). *See also Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (describing the COA standard following AEDPA). Typically, before a litigant may proceed with his or her appeal *in forma pauperis*, this court must determine whether the appeal is taken in good faith. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a). An appeal is not taken in good faith when the litigant seeks review of issues which are frivolous. *Ellis v. United States*, 356 U.S. 674 (1958); *Parsell v. United States*, 218 F.2d 232, 236 (5th Cir. 1955). *See also Coppedge v. United States*, 369 U.S. 438, 445 (1962) (frivolity is judged from an objective standard). An appeal is frivolous when the issues are without arguable merit and therefore futile. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citations omitted).

Here, the court has reviewed Petitioner's arguments and finds that they are not debatable among jurists of reason. Petitioner's arguments have no arguable merit and would therefore be futile. The court DENIES Petitioner's Motion for Certificate of Appealability [48] and Motion for Leave to Appeal In Forma Pauperis [50].

Pursuant to Local Rule 7.2E:

Motions for reconsideration shall not be filed as a matter of routine practice. Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the clerk of court within ten (10) days after entry of the order or judgment.

6

For the reasons stated above the court finds that there is no need to reconsider its prior order. The court DENIES Petitioner's Motion for Reconsideration [53].

On April 16, 2009, Petitioner filed the instant Motion to Re-set Evidentiary Hearing Re: 14 Motion to Suppress. Petitioner contends that the court set an evidentiary hearing on April 19, 2007, with respect to a March 5, 2007 motion to suppress and that he was never brought to this hearing and the motion to suppress is still pending before the court. Petitioner asks the court to re-set the hearing and rule on the motion. The court has examined the docket. It appears that the motion to suppress at docket entry 14 was terminated on May 3, 2007, by the court's order certifying the case ready for trial [20] and is no longer pending. In the order certifying the case for trial Magistrate Judge Gerrilyn Brill indicated that defense counsel had withdrawn the motion to suppress [Docket Entry 14]. Petitioner's Motion to Re-set Evidentiary Hearing [58] is DENIED.

**IT IS SO ORDERED** this 12th day of June 2009.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

7